## IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| WALTER STOCK, III, on behalf of himself and others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>ME&I CONSTRUCTION SERVICES USA, INC.,<br><br>               Defendant. | No. 10173 of 2022<br><br>CIVIL ACTION - LAW<br><br>**DEFENDANT'S VERIFIED ANSWER AND NEW MATTER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>CLASS ACTION<br><br>Filed on behalf of:<br>ME&I Construction Services, Inc.<br><br>Counsel of Record for this Party:<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Firm ID. No.: 603<br><br>Michael J. Puma, PA ID No. 94463<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>(215) 963-5000<br>michael.puma@morganlewis.com<br><br>Lauren E. Marzullo, PA ID No. 306459<br>One Oxford Centre, 32nd Floor<br>Pittsburgh, PA 15219<br>(412) 560-3300<br>lauren.marzullo@morganlewis.com |



### NOTICE TO PLEAD

To: Plaintiff,
You are hereby notified to file a written response to the enclosed New Matter within twenty (20) days from service hereof or a judgment may be entered against you.

_____
Counsel for Defendant

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| WALTER STOCK, III, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ME&I CONSTRUCTION SERVICES USA, INC.,<br><br>Defendant. | No. 10173 of 2022<br><br>CIVIL ACTION - LAW<br><br><br>CLASS ACTION |

**DEFENDANT'S VERIFIED ANSWER AND
NEW MATTER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant ME&I Construction Services, Inc. (formerly known as ME&I Construction Services USA, Inc.) ("Defendant" or "ME&I"), by and through its counsel, hereby responds to the Complaint in the above-captioned matter in accordance with the numbered paragraphs thereof as set forth below.

As to the unnumbered introductory paragraph, Defendant admits only that Plaintiff purports to bring a class action claim under the Pennsylvania Minimum Wage Act, but it denies the allegations in the introductory paragraph to the extent Plaintiff assumes the existence of putative class members in this action, that any class can or should be certified, that all of the allegations are based on Plaintiff's personal knowledge, or that Plaintiff or anyone Plaintiff seeks to represent has a viable claim.

**PARTIES**

1. ME&I lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 regarding where Plaintiff currently resides and, therefore, it denies the allegations in Paragraph 1 of the Complaint.

2. Denied. Answering further, Defendant is a corporation incorporated under the

laws of the State of Arkansas and its principal office is located at 3205 N Frontage Rd Suite 1, Vicksburg, Mississippi 39180.

## JURISDICTION AND VENUE

3. The allegations in Paragraph 3 of the Complaint consist of legal conclusions to which no responsive pleading is required.

4. The allegations in Paragraph 4 of the Complaint consist of legal conclusions to which no responsive pleading is required. To the extent a response is required, ME&I admits only that it employed Plaintiff in Beaver County, Pennsylvania from on or around June 3, 2021 until on or around February 11, 2022, but denies the remaining allegations.

## FACTS

5. Paragraph 5 of the Complaint purports to characterize the contents of a website that is not under ME&I's control, the terms of which speak for itself, and of which ME&I has no personal knowledge and, therefore, Defendant denies those allegations.

6. Denied as stated. Answering further, Defendant admits only that it employs and/or has employed some employees that have provided services at the Monaca facility, some of whom are paid on an hourly basis, but Defendant also employs others performing other functions.

7. Denied. Answering further, Defendant admits only that Plaintiff was employed by ME&I as an hourly employee at the Monaca facility from on or around June 3, 2021 until on or around February 11, 2022, but Defendant cannot know what other employment Plaintiff may hold.

8. Denied. Answering further, employees work varying schedules at the site but generally not more than 40 hours in a week.

9. Denied. Answering further, Defendant has no policy to pay Plaintiff or any other employee based on their scheduled start, lunch and stop times.

10. Denied as stated. Answering further, not all employees travel from the transportation center, swipes by employees on systems controlled by other parties are for security reasons at least in part, employees do not need to travel for lunch, employees would wear varying equipment, employees may not always swipe at every opportunity, and employees are not in fact paid based on their schedules.

11. Denied as stated. Answering further, the referenced policy as purportedly described in the prior paragraph is inaccurate, not all employees travel from the transportation center, swipes by employees on systems controlled by other parties are for security reasons at least in part, employees do not need to travel for lunch, employees would wear varying equipment, and employees may not always swipe at every opportunity.

## CLASS ACTION ALLEGATIONS

12. Defendant admits that Plaintiff seeks to bring a class action as described in Paragraph 12 of the Complaint, but it denies that the proposed class is ascertainable, that a class could be properly certified, or that Plaintiff or others Plaintiff seeks to represent have viable claims.

13. Defendant denies the allegations in Paragraph 13 and specifically denies that this action could be properly maintained as a class action pursuant to the Pennsylvania Rules of Civil Procedure or that at a minimum it should not be addressed as an opt-in class action as permitted under Pennsylvania rules.

14. Defendant denies the allegations in Paragraph 14 and specifically denies that any class as defined in Plaintiff's Complaint exists or is properly constituted or that the class

members could be identified or class claims could be resolved through payroll records.

15. Defendant denies the allegations in Paragraph 15 and specifically denies that any class as defined in Plaintiff's Complaint exists or is properly constituted or that common practices/experiences determinative of the class claims exist.

16. Defendant denies the allegations in Paragraph 16 and specifically denies that any class as defined in Plaintiff's Complaint exists or is properly constituted or that Plaintiff has accurately stated the more complex standards for typicality and adequacy.

17. Except to aver that it lacks information regarding Plaintiff's or his counsel's intentions or financial resources, Defendant denies the allegations in Paragraph 17 and specifically denies that any class as defined in Plaintiff's Complaint exists or is properly constituted.

18. The allegations in Paragraph 18 consist of legal conclusions to which no responsive pleading is required. Insofar as a responsive pleading is required, Defendant denies the allegations in Paragraph 18 and specifically denies that any class as defined in Plaintiff's Complaint exists or is properly constituted. Defendant further avers that individualized issues would swamp any alleged common issues in this case and eliminate the intended efficiencies of the class procedure, as well as depriving due process rights, that damages (which are denied) are not readily calculable as suggested, and that the availability of statutory attorneys' fees under the relevant statute makes irrelevant Plaintiff's assertion about the size of potential individual claims. Defendant further avers that Plaintiff and others he seeks to represent have an elected bargaining representative who could address Plaintiff's concerns with Defendant outside of a class action procedure and notes that given that no others have joined this case, there is no evidence that anyone other than Plaintiff actually supports his claims or desires to press those

claims in court.

## COUNT I

19.     Defendant incorporates by reference its responses to Paragraphs 1 through 18 as though set forth fully herein.

20.     The allegations in Paragraph 20 of the Complaint consist of legal conclusions to which no responsive pleading is required.

21.     The allegations in Paragraph 21 of the Complaint consist of legal conclusions to which no responsive pleading is required. Insofar as a responsive pleading is required, Defendant denies the allegations in Paragraph 21 of the Complaint to the extent that they suggest any class exists or could be certified and to the extent they purport to suggest that exempt workers are entitled to overtime.

22.     The allegations in Paragraph 22 of the Complaint consist of legal conclusions to which no responsive pleading is required. To the extent a response is required, denied given that not all workers (e.g., exempt workers) are entitled to hourly wages and denied to the extent that Plaintiff does not accurately quote excerpts from 43 P.S. § 333.104(a) and *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 204 (Pa. 2021), or has not set forth the full content of each and thus failed to present the full context for the quotes.

23.     The allegations in Paragraph 23 of the Complaint consist of legal conclusions to which no responsive pleading is required. To the extent a response is required, denied given that not all workers (e.g., exempt workers) are entitled to overtime wages and denied to the extent that Plaintiff does not accurately quote excerpts from 43 P.S. § 333.104(a) and/or has not set forth its full content and thus failed to present the full context for the quote.

24.     Denied, except insofar as Plaintiff sets forth limits on his own purported claim.

## JURY DEMAND

Defendant admits only that Plaintiff purports to demand a trial by jury and reserves its right to challenge Plaintiff's right to a trial by jury at the appropriate time.

## PRAYER FOR RELIEF

Having denied any liability to Plaintiff, Defendant denies that Plaintiff is entitled to any of the relief he demands in his "Prayer for Relief" or "Wherefore" Paragraph, including subparagraphs (A) through (D).

## NEW MATTER

1. The Complaint fails, in whole or in part, to state facts sufficient to constitute a cause of action upon which relief can be granted against ME&I on behalf of Plaintiff and/or some or all of the putative class action members.

2. The Complaint fails, in whole or in part, to state specific facts sufficient to certify an opt-out class pursuant to the Pennsylvania Rules of Civil Procedure.

3. The claims of Plaintiff and/or of some or all of the putative class members are barred, in whole or in part, by the limitations periods applicable to the relevant statute.

4. The claims of Plaintiff and/or of some or all of the putative class members are barred, in whole or in part under the PMWA during any workweek in which Plaintiff and/or some or all of the putative class action members worked fewer than forty (40) compensable hours.

5. The claims of Plaintiff and/or of some or all of the putative class members are barred, in whole or in part, to the extent that such claims have been released, waived, discharged, and/or abandoned.

6. The claims of Plaintiff and/or of some or all of the putative class members are barred, in whole or in part, to the extent that they require interpretation of a collective bargaining agreement.

7. The claims of Plaintiff and/or of some or all of the putative class members are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of ME&I.

8. To the extent the Court finds any liability (which ME&I denies), ME&I is entitled to a set-off for any amounts already paid in wages to which the Plaintiff and/or some or all of the putative class action members were not entitled, including without limitation, payment for hours during which they were not working.

9. The claims of Plaintiff and/or of some or all of the putative class members are barred, in whole or in part, to the extent they did not accurately report their work hours.

10. ME&I has at all times acted in good faith and has had reasonable grounds for believing that any alleged acts and omissions were not violations of the PMWA.

11. The claims of Plaintiff and/or the claims of some or all of the putative class members are barred, in whole or in part, as to all hours allegedly worked of which ME&I lacked actual or constructive knowledge.

12. The claims of Plaintiff and/or the claims of some or all of the putative class members are barred to the extent that they satisfy one or more exemptions to the PMWA's overtime pay requirement, including the administrative or executive exemptions.

13. The claims of Plaintiff cannot and should not be maintained on a class basis because the claims fail to meet the necessary requirements for certification, including, but not

limited to ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority.

14. Certain interests of certain putative class members conflict with certain interests of Plaintiff and certain other putative class members.

15. To the extent that a class is certified, which it should not be, it should be certified only as an opt-in class action as permitted under Pennsylvania law. Plaintiff and those he seeks to represent could pursue the same claims and remedies in an opt-in class action as in an opt-out class action. Plaintiff has no evidence or information to suggest that any of the class members wish to participate in this action.

16. Without waiving its ability to oppose class certification and expressly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over ME&I's objections, ME&I asserts all affirmative defenses set forth above against each and every member of the certified class to the extent applicable.

## **RESERVATION OF RIGHTS**

ME&I reserves the right to amend its Answer and New Matter to the Complaint and to assert such additional defenses that may appear and prove applicable during the course of discovery and continuing fact investigation.

**WHEREFORE,** Defendant, ME&I Construction Services, Inc., respectfully requests that the claims alleged in the Class Action Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense and such other relief as allowed by the Court.

Dated: April 22, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Lauren E. Marzullo*

Lauren E. Marzullo (PA I.D. No. 306459)
Michael J. Puma (PA I.D. No. 94463)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5000

One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
michael.puma@morganlewis.com
lauren.marzullo@morganlewis.com

*Attorneys for Defendant ME&I Construction Services, Inc.*

## VERIFICATION

I, <u>David Molloy</u>, state as follows:

1. I am employed by ME&I Construction Services, Inc. ("ME&I") as <u>General Counsel</u> and I am authorized to make this Verification on behalf of ME&I.

2. The facts set forth in the foregoing Verified Answer and New Matter to Plaintiff's Class Action Complaint are correct based on my personal knowledge obtained by me in the course of my duties as <u>General Counsel</u>.

3. I understand the statements made herein are subject to the penalties of 19 Pa C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: April 21, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Lauren E. Marzullo, PA ID No. 306459

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022 a copy of the foregoing Verified Answer and New Matter to Plaintiff's Class Action Complaint was filed and served upon all counsel of record via Federal Express.

Timothy Conboy
CONBOYLAW, LLC
733 Washington Road, Suite 201
Pittsburgh, PA 15228

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

Lauren E. Marzullo