IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER STOCK, III, <br>          Plaintiff, <br> v. <br> ME&I CONSTRUCTION SERVICES USA, INC., <br>          Defendant. | : <br> : <br> : No. 2:23-cv-00064-MRH <br> : <br> : <br> : <br> : <br> : |

**ORDER**

**AND NOW**, this 11th day of March, 2025, upon consideration of Plaintiff's "Unopposed Motion for Final Approval of the Settlement" ("Motion") (Doc. 95), the accompanying "Class Action Settlement Agreement" ("Agreement") (Doc. 95-1), the accompanying Declaration of Aisha Lange (Doc. 95-2), the accompanying Declaration of R. Andrew Santillo (Doc. 95-3), the accompanying Affidavit of Timothy Conoy (Doc. 95-4) the accompanying Memorandum of Law (Doc. 96), the representations and arguments of counsel during the March 11, 2025 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** as follows:

1. The Court **CERTIFIES A SETTLEMENT CLASS** comprised of the 810 individuals who are listed in Exhibit A to the Agreement. The Court finds that the settlement class satisfies Federal Rule of Civil Procedure ("Civil Rule") 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Civil Rule 23(b)(3) additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The Court need not address whether the case, if tried, would present management problems pursuant to Civil Rule

23(b)(3)(D) since it is being certified for settlement purposes only eliminating the need for a trial. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

2.      The settlement requires Defendant ME&I Construction Services USA, Inc. ("Defendant") – who continues to vigorously contest any liability – to pay a total amount of $1,600,000.00 to be distributed as follows: (i) $1,067,500.00[1] will be paid to the 810 Class Members in the gross pre-tax amounts described in Exhibit A to the Agreement; (ii) a $7,500.00 service award will be paid to Named Plaintiff Walter Stock, III ("Plaintiff"); and (iii) $500,000.00 will be paid to class counsel to cover attorney's fees and expenses (including all settlement administration expenses). The Court finds the settlement fund to be "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), and, therefore **APPROVES** the settlement. This finding is supported by the evidence and arguments presented by Plaintiff in the Motion and accompanying documents and during the March 11, 2025 fairness hearing. In particular, the record establishes that all of the criteria described in Civil Rule 23(e)(2) favor approval.

3.      The Court **APPROVES** the payment of a $7,500.00 service award to Plaintiff.

4.      The Court **APPOINTS** the law firm of Winebrake & Santillo, LLC and Conboy Law, LLC to serve as class counsel. The record demonstrates that these firms are qualified to serve as class counsel under the criteria described in Civil Rule 23(g)(1)(A).

5.      The Court **APPROVES** the payment of $500,000.00 to class counsel. As evidenced by the sworn statements of Aisha Lange, R. Andrew Santillo, and Timothy Conboy, $25,741.73 of this amount will reimburse class counsel for litigation expenses (including current

---

[1] The $25,000.00 the Reserve Fund will be added to this amount and distributed *pro rata* to Class Members so long as no individuals come forward asserting that they should be covered by this settlement between now and the Effective Date of the settlement. *See* Agreement (Doc. 95-1) at pp. 4-5 (defining "Reserve Fund").

and future settlement administration expenses). The remaining $474,258.27 will be paid to class counsel as attorney's fees. This fee payment – which amounts to approximately $29.6% of the total $1,600,000.00 settlement fund – falls below the 33.33% percentage of the fund fee awards often approved in wage and hour class/collective action settlements. *See Jordan v. Passavant Mem'l Homes*, 2022 U.S. Dist. LEXIS 70216, *4 (W.D. Pa. Apr. 13, 2022) (Horan, J.); *see also e.g., Copley v. Evolution Well Services Operating, LLC*, 2023 U.S. Dist. LEXIS 23452 (W.D. Pa. Feb. 10, 2023); *Kapolka v. Anchor Drilling Fluids USA, LLC*, 2019 U.S. Dist. LEXIS 182359 (W.D. Pa. Oct. 22, 2019). In addition, the fee award is supported by the factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 193 n. 1 (3d Cir. 2000) and *In re Prudential Insurance Company America Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998). *See Kapolka*, 2019 U.S. Dist. LEXIS 182359, at *17-18 (listing factors).

6. This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain jurisdiction over the enforcement of the settlement.

BY THE COURT:

Hon. Mark R. Hornak
United States District Judge